## A. J. WELCH
### v.
## JOSEPHUS MILLER.

*Replevin—Instructions—Evidence.*

1. In an action of replevin this court declines to consider alleged errors of the court below, it not appearing that injury resulted therefrom.
2. The use of the word "testimony" instead of "evidence," in an instruction to the jury, is not error.

[Opinion filed November 23, 1889.]

IN ERROR to the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. JOHN T. LILLARD and E. E. DONNELLY, for plaintiff in error.

Messrs. ROBERT B. PORTER and W. E. GAPEN, for defendant in error.

WALL, J.   This was replevin before a justice of the peace for twenty-one head of sheep brought by defendant in error against plaintiff in error.   Defendant in error recovered before the justice, and plaintiff in error appealed to the Circuit Court, where he was again defeated.   By writ of error the case is brought here.   It is urged by counsel for plaintiff in error that the case is very close on the evidence and therefore it was quite important there should have been entire accuracy in the rulings of the court and in the instructions.   The main question was as to the identity of the sheep, and while there was some conflict the issue was one which a jury is eminently qualified to try, and we are not impressed with the view that their conclusion was wrong, or even that it was of doubtful propriety.

The first objection is that the court permitted a witness to testify over the objection of plaintiff in error that it is possible for a man to recognize sheep by their countenance.   It is urged by counsel that whether this is so, or to what extent it is so, is a matter of general information as to which a witness should not be permitted to speak.   The court by an instruction advised the jury that whether sheep could be so recognized is a question of fact for the jury to determine, and in arriving at a conclusion the jury might consider their own and the ordinary experience of mankind.

We hardly deem it necessary to determine whether, by this instruction, the court wholly corrected the supposed error in admitting the evidence complained of.   It is probably within the experience of every man, at all familiar with domestic animals, that there is in their countenance a means of identification, to at least a limited extent—stronger in some instances than others, and we can not see how this case was prejudiced by admitting proof of such a fact.   The jury probably knew as much

about that matter as any witness, and probably relied upon their own experience in weighing the testimony of those witnesses who professed to recognize the sheep by their countenance and general appearance. No substantial harm was done by the evidence thus objected to, nor can we suppose as urged by counsel that the instruction referred to was calculated to mislead the jury by giving undue prominence to the point, or otherwise.

It is also insisted the second instruction was erroneous in telling the jury they should find for plaintiff if he produced a preponderance of the *testimony* instead of the *evidence*. This objection is hypercritical. We can not presume a jury would regard the word *evidence* as having a different signification from that of *testimony*. Testimony and evidence are often used interchangeably—as though they were synonymous, though in their primary sense they are not. There is nothing in this point. It is also urged that the third instruction is erroneous in saying that, "it is immaterial how plaintiff knows the sheep, if they in fact belong to him." This was of course not very pertinent or helpful, but it can not be considered of sufficient importance to produce a reversal.

No other points are made. We find no error and the judgment will be affirmed.

*Judgment affirmed.*